UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:05-00132 |
| | ) | JUDGE HIGGINS |
| JOHN WYATT MELLIES | ) | |

## MEMORANDUM

The Court has before it the defendant's motion for release pending sentencing (filed June 1, 2007; Docket Entry No. 79), a memorandum of law in support (Docket Entry No. 80), and two exhibits to his memorandum–the affidavit of Mary Wolfe, who is the defendant's mother (Exhibit A), and dental and medical records (Docket Entry No. 81-1, Exhibit B). The dental records provide details of defendant's own recent dental treatment. Exhibit B also includes a one-page hospital discharge instruction summary for defendant's stepfather dated February 2007. The government filed a response in opposition to the motion. (Docket Entry No. 82).

Defendant makes his motion for release pursuant to 18 U.S.C. § 3145(c), urging the Court to exercise its discretion to order his release pending sentencing. Contrary to the position taken by the government, he contends that his confinement is not mandatory and he is eligible for release because he meets the conditions for release set forth in 18 U.S.C. § 3143(a)(1) (he is not likely to flee or pose a danger to the safety of any other person or the

community) and, as § 3145(c) requires, there are exceptional reasons why his continued detention would not be appropriate.

Defendant identifies four exceptional reasons justifying his release: (1) shortly before trial all of his teeth were extracted, two implants were placed in his lower jaw, and temporary denture plates were provided to him which fit poorly and make it difficult for him to chew food; (2) although all crimes listed in the child pornography chapter are deemed to be "crimes of violence," possession of child pornography is not considered a "crime of violence" in other contexts; (3) the defendant has strong family support and strong ties to the Illinois community where he was successfully supervised on pretrial release; and (4) defendant's mother was recently diagnosed with Parkinson's disease and his stepfather is undergoing treatment for kidney cancer. Prior to trial the defendant assisted his mother and stepfather by taking them to their doctors' appointments and providing other services to them, and he cannot continue to provide this assistance while detained.

The affidavit of Mary Wolfe confirms the defendant's representations that he assisted his parents during their medical treatment by driving them to doctors' appointments, taking them grocery shopping or doing the grocery shopping, handling automobile maintenance, and doing yard and garden work. (Wolfe Aff. ¶ 5.) In light of their ongoing medical problems, the defendant's parents

2

feel they would benefit from the defendant's assistance pending sentencing. (Id. ¶ 6.) After the defendant was detained following the jury verdict, the defendant missed a dental appointment to have his new implants and dentures checked, and he needs to have a new bottom denture created to fit his implants because his current one is temporary. The defendant also is required to follow a specialized routine of oral hygiene. (Id. ¶ 7.) The dental records provided in Exhibit B corroborate the nature of the defendant's recent dental work. The government does not object to the Court's consideration of Mary Wolfe's affidavit.

The government emphasizes that the defendant's child pornography collection included hundreds of videos and over 11,000 images of child sexual exploitation, including many images depicting very violent acts, and Congress' characterization of the defendant's offense of conviction as a crime of violence is not open to review. The government opposes the motion for release contending the Court correctly held under applicable law that detention pending sentencing is mandatory under § 3143(a)(2), and the defendant fails to establish any exceptional reason justifying his release pending sentencing under § 3145(c).

The pertinent statutes provide as follows:

**§ 3143. Release or detention of a defendant pending sentence or appeal**

(a) **Release or detention pending sentence.**—(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).[1]
(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Section 3142(f)(1)(A) provides for detention on motion of the attorney for the government in a case that involves a crime of violence. For purposes of the bail and detention statutes, a "crime of violence" includes "any felony under chapter . . . 110[.]" 18 U.S.C. § 3156(a)(4)(C). The child pornography

---

[1] Section 3142(b) provides for release of a defendant on his or her own personal recognizance or unsecured appearance bond, and section 3142(c) provides for release on conditions.

possession statute under which the defendant was convicted, 18 U.S.C. § 2252A(a)(5)(B), is codified in Chapter 110 – Sexual Exploitation and Other Abuse of Children. Thus, the defendant stands convicted of a crime of violence for purposes of detention, even if possession of child pornography is not considered to be a crime of violence in other contexts.

Because the offense of conviction is a crime of violence, the Court "shall order" detention unless the Court finds: (1) that there is a substantial likelihood that a motion for acquittal or new trial will be granted <u>or</u> (2) an attorney for the government has recommended that no sentence of imprisonment be imposed on the defendant <u>and</u> (3) the Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community. Following the jury's verdict, the Court found there is not a substantial likelihood that a motion for acquittal or new trial will be granted, and the government attorney stated she will not recommend that no sentence of imprisonment be imposed on the defendant. Thus, because neither of the two alternatives in § 3143(a)(2)(A) can be satisfied, it becomes immaterial under § 3143(a)(2) whether the Court might find by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released on conditions similar to those the defendant successfully obeyed while on pretrial release.

5

Despite the requirement for mandatory detention under § 3143(a)(2), the defendant points the Court to an escape valve found in § 3145(c). That statute provides:

> **(c) Appeal from a release or detention order.–** An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

This provision is located at the end of a statute which allows for review of a magistrate judge's release order by a district judge having original jurisdiction, § 3145(a), and for review of a magistrate judge's detention order by a district judge having original jurisdiction, § 3145(b).

The initial sentence of § 3145(c), that "[a]n appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title[,]" logically might lead the reader to conclude that subsection (c) pertains to review of a release or detention order by the court of appeals. After all, 28 U.S.C. § 1291 confers appellate jurisdiction on the courts of appeals "from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court." Title 18 U.S.C.

Case 3:05-cr-00132   Document 87   Filed 07/10/07   Page 6 of 16 PageID #: 376

§ 3731 confers on the government limited appeal rights to the courts of appeals in criminal cases, including "from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense[.]" Yet, the circuit courts of appeals to address § 3145(c) in published opinions have held that district courts, as well as appellate courts, have power to apply § 3145(c) and to consider whether exceptional reasons exist why a particular defendant should not be detained pending sentencing. See United States v. DiSomma, 951 F.2d 494 (2nd Cir. 1991); United States v. Carr, 947 F.2d 1239 (5th Cir. 1991); United States v. Herrera-Soto, 961 F.2d 645 (7th Cir. 1992); United States v. Mostrom, 11 F.3d 93 (8th Cir. 1993); United States v. Koon, 6 F.3d 561 (9th Cir. 1993); United States v. Jones, 979 F.2d 804 (10th Cir. 1992).

In an unpublished opinion, United States v. Cook, 42 Fed.Appx. 803, 804 (6th Cir. 2002), the United States Court of Appeals for the Sixth Circuit held in light of the authority from other circuits that a district judge is not precluded from making a determination of exceptional circumstances in support of release under § 3145(c). The United States Court of Appeals for the First Circuit held similarly in another unpublished opinion. United States v. Weiner, 972 F.2d 337 (1st Cir. 1992) (unpublished).

These circuit court opinions have been followed by a number of district courts. See e.g. United States v. Salazar, 2007 WL

7

542390 (W.D. Ky. 2007); United States v. Hooks, 330 F.Supp.2d 1311 (M.D. Ala. 2004); United States v. Kaquatosh, 252 F.Supp.2d 775 (E.D. Wis. 2003); United States v. Green, 250 F.Supp.2d 1145 (E.D. Mo. 2003); United States v. Lippold, 175 F.Supp.2d 537 (S.D.N.Y. 2001); United States v. Rodriguez, 50 F.Supp.2d 717 (N.D. Ohio 1999); United States v. Charger, 918 F.Supp. 301 (D.S.D. 1996); United States v. Bryant, 873 F.Supp. 660 (N.D. Ga. 1994); United States v. Mahabir, 858 F.Supp. 504 (D. Md. 1994); United States v. Pope, 794 F.Supp. 372 (S.D. Fla. 1992).

Acknowledging the Sixth Circuit's Cook opinion, the government nonetheless contended in its memorandum that the language of § 3145(c) is jurisdictional and operates only to grant the federal courts of appeals authority to hear appeals from detention or release orders. The government's position is supported by a number of district court opinions which have criticized the lack of statutory analysis in the circuit court opinions and respectfully parted company with those opinions. See In re Sealed Case, 242 F.Supp.2d 489 (E.D. Mich. 2003) (holding district court lacks jurisdiction under § 3145(c) and urging Sixth Circuit to hold in published opinion that § 3145(c) grants authority only to court of appeals); United States v. Harrison, 430 F.Supp.2d 1378 (M.D. Ga. 2006) (holding § 3145(c) applies only to appellate courts); United States v. Chen, 257 F.Supp.2d 656 (S.D.N.Y. 2003) (same); United States v. Nesser, 937 F.Supp. 507 (W.D. Penn. 1996) (holding

8

§ 3145(c) applies to courts of appeals and declining to address exceptional circumstances argument); United States v. Salome, 870 F.Supp. 648 (W.D. Penn. 1994) (holding § 3145(c) applies to courts of appeals and finding no exceptional circumstances in any event). But see United States v. Burnett, 76 F.Supp.2d 846 (E.D. Tenn. 1999) (explaining the court's hesitancy to apply § 3145(c) as permitted by circuit court opinions, but finding no exceptional circumstances in any event).

The Sixth Circuit unpublished opinion indicates that the circuit court may eventually issue a published opinion following the other circuits. Nonetheless, district courts within the Sixth Circuit are split on whether district courts may apply § 3145(c). Compare Salazar, 2007 WL 542390 (W.D. Ky. 2007), Burnett, 76 F.Supp.2d 846 (E.D. Tenn. 1999), and Rodriguez, 50 F.Supp.2d 717 (N.D. Ohio 1999) (applying § 3145(c)) with In re Sealed Case, 242 F.Supp.2d 489 (E.D. Mich. 2003) (holding district court lacks jurisdiction under § 3145(c)).

## II.

The Court finds it unnecessary to resolve the jurisdictional question raised by the government because, even if the Court were to apply § 3145(c) in this case, the defendant has not established any exceptional reason why he should be released pending sentencing. The statute does not define "exceptional reasons," but the term has generally come to mean that which is unique, uncommon,

9

rare, or out of the ordinary. <u>Kaquatosh</u>, 252 F.Supp.2d at 777. Courts seem to agree that what constitutes "exceptional reasons" must be determined on a case-by-case basis. <u>Id.</u>; <u>DiSomma</u>, 951 F.2d at 497 (defining "exceptional reasons" as a "unique combination of circumstances giving rise to situations that are out of the ordinary").

In <u>Cook</u>, 42 Fed. Appx. at 804, the district court ruled that cooperation with the government and hardship to family and business associates did not amount to exceptional reasons, and the Sixth Circuit affirmed, noting the district court did not err in so holding. The appellate court did not elaborate on what factors should be considered in determining whether a defendant has shown exceptional reasons.

The United States Court of Appeals for the Ninth Circuit takes the view that, because Congress did not define "exceptional reasons" in the statute, district courts have broad discretion "to consider all the particular circumstances of the case before it and draw upon its broad 'experience with the mainsprings of human conduct.'" <u>United States v. Garcia</u>, 340 F.3d 1013, 1018 (9th Cir. 2003) (quoted case omitted). Placing no limit on the range of matters to be considered, the Ninth Circuit instructed its district courts to "examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors (bearing in mind the

10

congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released pending [sentencing or] appeal) it would be unreasonable to incarcerate the defendant prior to" the sentencing or resolution of the appeal. Id. at 1019. Some of the factors which may be considered alone or in combination with others are: the aberrational nature of the defendant's conduct, an exceptionally low risk of danger in combination with an aberrational act, the nature of the violent act itself, the length of the expected prison sentence, the defendant's unusual cooperation with the Government, a sufficiently serious illness or injury of the defendant, and the nature of the defendant's arguments on appeal. Id. at 1019-1022.

One district court identified four factors that should be taken into account in evaluating exceptional reasons, including "(1) whether detention imposes an unusually harsh effect of a personal nature not ordinarily experienced by an individual facing incarceration, (2) whether the defendant is incapacitated from or extremely unlikely to engage in recidivist behavior while released, (3) whether additional incarceration would result in an unjust extended period of detention because the defendant's uniquely low culpability is likely to reduce the sentence or a novel legal question for appeal exists, and (4) the extent and effect of the defendant's cooperation with the [g]overnment." Green, 250 F.Supp.2d at 1150.

11

Many district courts considering requests for release under § 3145(c) have rejected petitions based on purely personal circumstances, such as hardship to the defendant's family or employer, relationships with young children, and elderly or infirm parents, on the theory that such hardships are typical consequences of conviction and incarceration. See Kaquatosh, 252 F.Supp.2d at 777 (cases cited therein). Yet other district courts granting release have relied on a combination of personal factors, such as employment, ties to the community, performance on pre-trial release, medical conditions and legal factors such as the length of the sentence and the possibility of downward departure at sentencing. Id. at 778. In Kaquatosh Judge Adelman wrote:

> One can think of many unusual circumstances that might justify release between plea and sentence as, for example, where a defendant's parent or spouse was seriously ill and may die prior to sentencing; or a defendant's child was scheduled for surgery during this time; or where a defendant's family was facing a particularly difficult financial situation that could be ameliorated if the defendant remained free and employed; or where a defendant's employer had a special need for his services; or where the defendant was undergoing substance abuse or psychiatric treatment that would be unavailable if he were incarcerated.

Id. at 779. In Kaquatosh the court found that the defendant should be released pending sentencing because he had performed exceptionally well on pre-trial release, he successfully completed substance abuse treatment, the results of all substance abuse testing had been negative, the defendant complied with the rules of a halfway house where he was placed, he obtained employment and

12

excelled at it allowing him to send money home to family on the Indian reservation, and the defendant wanted a psychological evaluation and treatment prior to imprisonment, which demonstrated his desire to avoid imprisonment in the future. Id. at 779-780.

In Charger, 918 F.Supp. at 303-304, the district court found that exceptional reasons existed where the court identified bases to grant a downward departure at sentencing, including ongoing alcohol treatment, and the court believed that detaining the Native American defendant, who had no history of prior criminal behavior, would be counterproductive. However, in United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004) (per curiam), the United States Court of Appeals for the Eighth Circuit disagreed with the Charger court's determination that a defendant's ongoing alcohol treatment could constitute an exceptional reason to avoid pre-sentencing detention.

Brown involved a defendant's conviction for receiving child pornography under § 2252(a)(2). Id. The Eighth Circuit held that the defendant's desire to remain in a treatment program for depression and the possibility that the defendant might be subjected to violence in the local jail as a result of his conviction for child pornography were not exceptional reasons to avoid the mandatory detention required by § 3143(a)(2). Id. at 993. The panel stated: "[W]e do not see how Brown's case is 'clearly out of the ordinary, uncommon, or rare' when compared to

13

every other defendant convicted of offenses involving the sexual exploitation of children, all of whom are subject to mandatory detention under § 3143(a)(2)." Id. The court reversed the district court's release order and remanded with instructions that the district court order Brown into custody immediately. Id. at 994.

III.

The Court finds that the four reasons the defendant gives to justify his pre-sentencing release do not rise to the high level demanded by the cases, whether the four reasons are considered singly or in combination. The defendant began an invasive dental procedure, including the extraction of all of his teeth and placement of implants and dentures, shortly prior to his criminal trial. While medical necessity may have demanded such a course of action, the defendant certainly knew that he was due to stand trial and that a possibility existed he might be convicted. He may not have expected mandatory detention upon conviction, but the law requires it in this case, subject to a finding of exceptional reasons under § 3145(c). Further, as the government attorney has shown through introduction of Government's Exhibit 1, dental treatment will be available through the Bureau of Prisons ("BOP") following the defendant's sentencing, assuming he is sentenced to a period of imprisonment. See Rodriquez, 50 F.Supp.2d at 722 (finding no exceptional reasons where medical care was available to

14

defendant through BOP). The defendant is not suffering from the type of serious illness or injury mentioned in <u>Garcia</u> as a possible exceptional reason for release.

Because Congress has determined that possession of child pornography is a crime of violence for purposes of the detention statute, it is immaterial that possession of child pornography is not considered to be a "crime of violence" in other legal contexts. The Court finds that this issue does not provide the defendant with an exceptional reason for release.

The defendant has strong family support, he has strong ties to the Illinois community where he was successfully supervised on pretrial release, and his parents could benefit from the defendant's assistance in addressing their own medical problems. Although important, these considerations do not compel a conclusion that the defendant has shown exceptional reasons for release. Many defendants have strong family support and community ties, satisfy the conditions of pretrial release and have family members who need assistance due to medical problems. There is nothing extraordinary, unusual, or rare about these circumstances. <u>See</u> <u>Cook</u>, 42 Fed.Appx. at 804; <u>Kaquatosh</u>, 252 F.Supp.2d at 777.

While the defendant remains in detention pending sentencing, the Court has directed the United States Marshals Service to communicate promptly with officials at the Davidson County detention facility where the defendant is held to confirm that the

15

defendant will be provided an extra carton of milk and an extra serving of ice cream at all times when these food items are supplied to prisoners and that the defendant will be provided daily one can of Ensure, a high protein drink. Additionally the Court has instructed the Marshals Service to arrange for the defendant to consult with an outside oral surgeon or dentist who is trained in dental implants to determine whether the defendant's right dental implant is mobile, as suggested by the dentist who examined the defendant at the detention facility, and to determine whether any dental treatment can be provided to alleviate the pain and chewing difficulties the defendant is experiencing. The Marshals Service will report directly to the Court in writing concerning the actions taken to comply with the Court's Order.

Accordingly, the defendant's motion (filed June 1, 2007; Docket Entry No. 79) for release pending sentencing will be denied.

An appropriate Order will be entered.

THOMAS A. HIGGINS
UNITED STATES DISTRICT JUDGE
7-10-07

16